FILED

02/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0268

DA 16-0268

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2017 MT 35N

IN THE MATTER OF THE ADOPTION OF:

L.E.N.,

    A Minor Child.

| | |
|---|---|
| APPEAL FROM: | District Court of the Tenth Judicial District,<br>In and For the County of Fergus, Cause No. DA 15-3<br>Honorable Jon A. Oldenburg, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Craig R. Buehler, Attorney at Law, Lewistown, Montana

    For Appellee:

        Marianne Heble, self-represented, Grass Range, Montana

        Submitted on Briefs:  January 4, 2017

                Decided:  February 21, 2017

Filed:

_____
                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     M.N. (Father) and S.N. (Step-Mother) appeal from the denial of their Petition for the Termination of Parental Rights and Adoption entered in the Tenth Judicial District Court, Fergus County. We affirm.

¶3     L.E.N. was born to the marriage of Father and M.H. (Mother). Father and Mother lived apart when Father was stationed in Germany for the military. Mother relocated to Wheatland County, Montana, with L.E.N. L.E.N. remained with Mother until March 16, 2012, when L.E.N. was removed from Mother's care due to concerns about Mother's admitted drug use in the presence of L.E.N. L.E.N., as a result, was placed with maternal grandparents in Harlowton, Montana. The dependency and neglect matter continued against Mother, with L.E.N. remaining out of the home, until Father was granted custody of L.E.N. L.E.N. was then placed in the care of L.E.N.'s paternal grandmother in Missouri, pending Father's return from Germany.

¶4     Father and Mother divorced February 4, 2014, and established a parenting plan. The parenting plan allowed Mother to have in-person contact and home contact with L.E.N. Mother was also ordered to pay $113 a month in child support. On May 15,

2014, Father married S.N. (Step-Mother). Father and Step-Mother returned from Germany sometime between the end of April and beginning of May in 2015. From then until present, L.E.N. has lived with Father, Step-Mother, and L.E.N.'s half-sibling in Fort Rucker, Alabama.

¶5 In August of 2015, Father filed a motion for contempt. The District Court entered an order on November 13, 2015, finding Mother in contempt for failing to pay child support and a furniture bill. On October 21, 2015, Father and Step-Mother filed a Petition for Termination of Parental Rights and for Adoption with the Tenth Judicial District Court, Fergus County.

¶6 The District Court, after hearing testimony from both sides and reviewing the evidence, determined that Mother had done a credible job of maintaining contact with L.E.N. and that termination of Mother's relationship with L.E.N. would be difficult for L.E.N. The District Court also observed that L.E.N. is loved by Father and Step-Mother, who have provided L.E.N. with a stable and loving home. Further, the District Court noted it was not required to terminate Mother's rights despite finding that Mother failed to contribute to the support of L.E.N. for an aggregate one year period prior to filing the petition for termination of Mother's rights.

¶7 We review a district court's order on termination of parental rights for an abuse of discretion. *In re C.M.C.*, 2009 MT 153, ¶ 19, 350 Mont. 391, 208 P.3d 809. "We will presume that a district court's decision is correct and will not disturb it on appeal unless there is a mistake of law or a finding of fact not supported by substantial evidence that

3

would amount to a clear abuse of discretion." *In re M.N.*, 2011 MT 245, ¶ 14, 362 Mont. 186, 261 P.3d 1047. Termination of a parent's rights is permissive, not mandatory. *See* § 42-2-608(1), MCA; *Adoption of B.W.Z-S.*, 2009 MT 433, ¶ 16, 354 Mont. 116, 222 P.3d 613.

¶8 After hearing hours of testimony and reviewing evidence presented by both sides, the District Court determined Mother has maintained contact with L.E.N. and that termination of Mother's parental rights would be difficult for L.E.N. and not in L.E.N.'s best interests. Ultimately, the Court exercised the discretion afforded it by § 42-2-608(1), MCA, and dismissed without prejudice the petition for termination of parental rights and adoption. The District Court applied the correct law and made a finding of facts supported by testimony and evidence. We conclude the District Court did not abuse its discretion in this case.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶10 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

4